UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSE RODOLFO CARDOZA | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. 7:22-cv-246 |
| V. | § | (Jury Trial Demanded) |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Defendant DOLGENCORP OF TEXAS, INC. files this, its Notice of Removal of a state-court action, pursuant to 28 U.S.C. §§1441(a), 1446(a), and would respectfully show the Court the following:

**I. INTRODUCTION**

1. Plaintiff Jose Rodolfo Cardoza ("Plaintiff") filed his Original Petition to commence this civil action in County Court at Law #10 of Hidalgo County, Texas styled *Jose Rodolfo Cardoza v. Dollar General Inc.,* Cause No. CL-22-2139-J, on June 9, 2022. On June 14, 2022, Plaintiff filed his *First Amended Petition* naming Dolgencorp of Texas, Inc. as the correct Defendant entity and dropping Dollar General Inc.

2. Defendant Dolgencorp of Texas, Inc. ("Defendant" or "Defendant Dolgencorp") was served with *Plaintiff's Amended Petition* on July 8, 2022. Defendant Dolgencorp of Texas, Inc. timely files this notice of removal within the 30-day time period required by and pursuant to 28 U.S.C. §1446(b)(1).

## II. BASIS FOR REMOVAL

3. Removal is proper because there is complete diversity between the parties, as detailed herein, and the amount in controversy exceeds $75,000.00 pursuant to "other paper".

4. At the time the state-court action was commenced and as of the date of this notice, Defendant Dolgencorp of Texas, Inc. was and is a corporation organized, formed, and incorporated in and under the laws of the State of Kentucky, having its principal offices in the State of Tennessee. The Plaintiff, Jose Rodolfo Cardoza, is a citizen of the State of Texas.

5. Plaintiff alleges that as a direct and proximate result of Defendant's actions, he now seeks to recover damages relating to:

   a. Past and future reasonable and necessary medical care and expenses;
   b. Past and future physical pain and suffering;
   c. Past and future physical impairment;
   d. Past loss of earnings;
   e. Future loss of earning capacity;
   f. Past loss of consortium;
   g. Past and future disfigurement;
   h. Past and future mental anguish; and
   i. Future cost of medical monitoring and prevention.

6. In Texas, all original pleadings that set forth a claim for relief must contain a specific statement of the relief the party seeks, pursuant to Texas Rules of Civil Procedure 47(c). In Plaintiff's Amended Petition, Plaintiff has failed to comply with this pleading requirement by failing to include any range of pled damages. In determining a case's amount in controversy, the district court must first examine the petition to determine whether it is "facially apparent" that the

claims exceed $75,000. *Findley v. Allied Fin. Adjusters Conf., Inc.*, No. H-15-2699, 2015 WL 7738077, at *4–5 (S.D. Tex. Dec. 1, 2015) (citing Tex. R. Civ. P. 47; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) and quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). However, when "it is not facially apparent that the value of [a plaintiff's] claims exceeds the jurisdictional amount, the court turns to evidence submitted by the parties to ascertain the amount in controversy." *Id*. at *3.

7. The only way Plaintiff can defeat diversity jurisdiction is by filing a binding stipulation with her petition stating that she will not accept a sum of damages exceeding $75,000. *Gates Gates v. Allstate Texas Lloyd's*, 267 F. Supp.3d 861 (W.D. Tex. 2016) (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 142 (5th Cir. 1995). To date, no such stipulation has been filed. Furthermore, on August 27, 2021, Plaintiff sent a settlement demand for $1,000,000, far in excess of the $75,000 amount in controversy required for removal. **Exhibit A**. Accordingly, removal is further supported by the receipt of "other paper" stating the amount in controversy. 28 U.S.C. §1446(b)(3).

8. There are no other defendants in this case that would require consent to removal. 28 U.S.C. §1446(b)(2)(A).

9. A copy of all process, pleadings, and orders served upon Defendant in the state-court action are attached hereto as **Exhibit B** as required by 28 U.S.C. §1446(a) and Local Rule 81.

10. Venue is proper in this district court because this district and division encompass the place in which the state-court action is pending.

### III. JURY DEMAND

11. Defendant has made a jury demand in the state-court action; therefore, Defendant is not required to renew its demand. Fed. R. Civ. P. 81(c)(3)(A).

## PRAYER

WHEREFORE, Defendant DOLGENCORP OF TEXAS, INC. respectfully requests that this action proceed in this District Court as an action properly removed to it, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**LUCERO │ WOLLAM, P.L.L.C.**

*/s/ Erik R. Wollam*
ERIK R. WOLLAM
Federal ID: 17663
TBN: 00788705
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com

**ATTORNEY FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of July, 2022, the foregoing instrument was electronically filed the foregoing instrument with the Clerk of Court using the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3), the following counsel of record shall be served with a true and correct copy of this instrument by operation of the Court's CM/ECF system:

*Via Electronic Service:*
Jesus A. Zambrano
Zambrano Law Firm
3900 N. 10th St, Ste 970
McAllen, Texas 78501

*/s/ Erik R. Wollam*
ERIK R. WOLLAM