## EXHIBIT B
## INDEX OF MATTERS BEING FILED

1) <u>ALL EXECUTED PROCESS</u>

    i. Return of Service of Process for Dolgencorp of Texas, Inc.

2) <u>ALL PLEADINGS AND ANSWERS TO PLEADINGS</u>

    i. Plaintiff's Original Petition
    ii. Plaintiff's First Amended Petition
    iii. Defendant Dolgencorp of Texas, Inc.'s Original Answer

3) <u>ALL ORDERS SIGNED BY THE STATE JUDGE</u>

    i. No orders were entered.

4) <u>STATE COURT DOCKET SHEET</u>

5) <u>LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED</u>

    <u>ATTORNEYS FOR PLAINTIFF:</u>
    Jesus A. Zambrano
    Texas Bar No.: 24044947
    Edgar E. Garcia
    Texas Bar No.: 24096508
    Zambrano Law Firm
    3900 N. 10th Street, Suite 970
    McAllen, Texas 78501
    Telephone: (956) 627-0908
    Facsimile: (956) 627-0762
    Email: jesse@zambranolawfirm.com

    <u>ATTORNEY FOR DEFENDANT:</u>
    Erik R. Wollam
    Attorney-in-Charge
    Texas Bar No.: 00788705
    Federal ID: 17663
    Lucero | Wollam, P.L.L.C.
    159 Flat Rock
    Wimberley, Texas 78676
    Telephone: (512) 485-3500
    Facsimile: (512) 485-3501
    Email: ewollam@lucerowollam.com

Electronically Submitted
7/8/2022 5:05 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

CAUSE NO. CL-22-2139-J

| | | |
|---|---|---|
| JOSE RODOLFO CARDOZA<br>*PLAINTIFF* | §<br>§<br>§ | IN THE COUNTY COURT AT LAW<br>#10 |
| VS. | §<br>§<br>§ | |
| DOLGENCORP OF TEXAS, INC.<br>*DEFENDANTS* | §<br>§ | HIDALGO COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

Party served: **DOLGENCORP OF TEXAS, INC. THROUGH IT'S REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A LAWYERS INCORPORATING SERVICE COMPANY**
Address served: 211 E. 7th Street, Suite 620, Austin, Tx 78701-3218
County of Service: Travis
Method of Service: Certified Mail
Certified Mail Return Receipt Number: 70150640000260820250
Came to Hand Date: June 17, 2022 at 6:00 p.m.
Date and time served: July 8, 2022 at 6:39 a.m.
Documents to be served: 1. CITATION 2. PLAINTIFF'S FIRST AMENDED PETITION

I am certified under order of Texas Supreme Court to serve process, including citations in Texas. My identification number and certification expiration date appear below. I am not a party to or interested in the outcome of this suit. My identification number and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated above. All statements made herein are true. This return is verified or is signed under penalty of perjury.

My name is Adriana Garcia. My date of birth is 5/9/73. My address is PO Box 641, Mission, Tx 78573. I declare under penalty of perjury that the foregoing, including the Return of Service, is true and correct.

Executed in Travis County, Texas, USA on June 8, 2022

Signature: _____

**Adriana Garcia, PSC #: 12610  Expires: 4/30/2024**


UNITED STATES POSTAL SERVICE

July 8, 2022

Dear Adriana Garcia:

The following is in response to your request for proof of delivery on your item with the tracking number: **7015 0640 0002 6082 0250**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 8, 2022, 6:39 am |
| **Location:** | AUSTIN, TX 78701 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

| Shipment Details | |
|---|---|
| **Weight:** | 3.0oz |

**Recipient Signature**

Signature of Recipient: *[signature] Grant / David Grant*

Address of Recipient: *USC.*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

CAUSE NO. _____ CL-22-2139-J

| | | |
|---|---|---|
| JOSE RODOLFO CARDOZA<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§<br>§ | AT LAW NO._____ |
| DOLLAR GENERAL INC.,<br>Defendant. | §<br>§ | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff', JOSE RODOLFO CARDOZA complaining of Defendant, DOLLAR GENERAL INC., and for cause of action will respectfully show the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3 as set forth in Texas Rules of Civil Procedure 190.4.

**II.
PARTIES AND SERVICE**

2. Plaintiff, JOSE RODOLFO CARDOZA is an Individual and Texas resident who resides in Hidalgo County, Texas, and he may be served with any documents in this lawsuit by serving his attorneys of record named below.

3. Defendant, DOLLAR GENERAL INC., is a corporation, and may be served with process through its registered owner at 615 S Standard, San Juan, Hidalgo, Texas 78589 or wherever they may be found. Service on said Defendant can be affected by private process server.

Case 7:22-cv-00246   Document 1-2   Filed on 07/28/22 in TXSD   Page 5 of 19

CL-22-2139-J

Electronically Submitted
6/9/2022 2:36 PM
Hidalgo County Clerk
Accepted by: Gregorio Mata

## III.
## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limit of this court.

5. Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this claim occurred in Hidalgo County.

## IV.
## FACTS

6. The subject matter of this suit is a slip and fall incident that occurred in or on the Defendant's premises located at 615 S Standard St, San Juan, Texas 78589. On or about July 6, 2021, Plaintiff, JOSE RODOLFO CARDOZA slipped on a slippery substance on the floor and fell. There were no warning signs posted in the area to warn patron of this dangerous condition. Defendant, DOLLAR GENERAL INC, were responsible for providing a safe area for the Plaintiff, JOSE RODOLFO CARDOZA an invitee at the time of the accident.

7. Defendants and its employees were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition, as a result of the fall, Plaintiff, JOSE RODOLFO CARDOZA, sustained serious and permanent personal injuries.

## V.
## NEGLIGENCE OF DOLLAR GENERAL INC.

8. Plaintiff alleges that upon the occasion in question, Defendant, DOLLAR GENERAL INC., failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

   A. Failure to keep the premises reasonably safe for its customers;

Electronically Submitted
6/9/2022 2:36 PM
Hidalgo County Clerk
Accepted by: Gregorio Mata

    B. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

    C. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

    D. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

    E. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

    F. Failure to enforce policies for inspecting the premise for unreasonably dangerous conditions;

    G. Permitting a dangerous condition, of which Defendant should have reasonably been aware, to exist for an unreasonable period of time;

    H. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendant had actual or constructive knowledge;

    I. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    J. Failure to adequately train its employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    K. Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

    L. Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

9. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

Case 7:22-cv-00246 Document 1-2 Filed on 07/28/22 in TXSD Page 7 of 19

Electronically Submitted
6/9/2022 2:36 PM
Hidalgo County Clerk
Accepted by: Gregorio Mata

CL-22-2139-J

## VI.
## COMPENSATORY DAMAGES

10. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and incurred the following damages:

    A. Reasonable medical care and expenses in the past;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Physical impairment in the past;

    F. Physical impairment which, in all reasonable probability, will be suffered in the future;

    G. Loss of earnings in the past;

    H. Loss of earning capacity which will in all probability, be incurred in the future;

    I. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    J. Disfigurement in the past;

    K. Disfigurement in the future;

    L. Mental anguish in the past;

    M. Mental anguish in the future; and

    N. Cost of medical monitoring and prevention in the future.

11. Plaintiff has suffered losses and damages in a sum within the Court's jurisdictional limit, and for which this lawsuit is brought.

Case 7:22-cv-00246 Document 1-2 Filed on 07/28/22 in TXSD Page 8 of 19

Electronically Submitted
6/9/2022 2:36 PM
Hidalgo County Clerk
Accepted by: Gregorio Mata

CL-22-2139-J

## VII.
## DEMAND FOR JURY TRIAL

12. Plaintiff demands a jury trial in this above styled and numbered cause.

## VIII.
## PRAYER

**PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limit of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**ZAMBRANO LAW FIRM**

*/s/ Jesus A. Zambrano*

**JESUS A. ZAMBRANO**
State Bar No. 24044947
**EDGAR E. GARCIA**
State Bar No. 24096508
3900 N. 10th Street, Suite 970
McAllen, Texas 78501
Phone: (956) 627-0908
Fax: (956) 627-0762

**ATTORNEYS FOR PLAINTIFF**

Electronically Submitted
6/14/2022 3:32 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

CAUSE NO. CL-22-2139-J

| | | |
|---|---|---|
| JOSE RODOLFO CARDOZA<br>Plaintiff, | § § § § | IN THE COUNTY COURT |
| v. | § § § § § | AT LAW NO. 10 |
| DOLGENCORP OF TEXAS, INC.,<br>Defendant. | § § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, JOSE RODOLFO CARDOZA complaining of Defendant, DOLGENCORP OF TEXAS, INC., and for cause of action will respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 as set forth in Texas Rules of Civil Procedure 190.4.

### II.
### PARTIES AND SERVICE

2. Plaintiff, JOSE RODOLFO CARDOZA is an Individual and Texas resident who resides in Hidalgo County, Texas, and he may be served with any documents in this lawsuit by serving his attorneys of record named below.

3. Defendant, DOLGENCORP OF TEXAS, INC., is a business entity doing business in the state of Texas, and it may be served with process through its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service Company, at 211 E.7th Street, Suite 620 Austin, Texas 78701-3218 or wherever it may be found.

1

Electronically Submitted
6/14/2022 3:32 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

## III.
## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limit of this court.

5. Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this claim occurred in Hidalgo County.

## IV.
## FACTS

6. The subject matter of this suit is a slip and fall incident that occurred in or on the Defendant's premises located at 615 S Standard St, San Juan, Texas 78589. On or about July 6, 2021, Plaintiff, JOSE RODOLFO CARDOZA slipped on a slippery substance on the floor and fell. There were no warning signs posted in the area to warn patron of this dangerous condition. The Defendant was responsible for providing a safe area for the Plaintiff an invitee at the time of the fall.

7. Defendant and its employees were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition, as a result of the fall, Plaintiff sustained serious and permanent personal injuries.

## V.
## NEGLIGENCE OF DOLGENCORP OF TEXAS, INC.

8. Plaintiff alleges that upon the occasion in question, Defendant, DOLGENCORP OF TEXAS, INC., failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

   A. Failure to keep the premises reasonably safe for its customers;

Electronically Submitted
6/14/2022 3:32 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

B. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

C. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

D. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

E. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

F. Failure to enforce policies for inspecting the premise for unreasonably dangerous conditions;

G. Permitting a dangerous condition, of which Defendant should have reasonably been aware, to exist for an unreasonable period of time;

H. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendant had actual or constructive knowledge;

I. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

J. Failure to adequately train its employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

K. Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

L. Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

9. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VI.
## RESPONDEAT SUPERIOR

10. At all relevant times herein, all of the agents, servants, or employees of

3

Electronically Submitted
6/14/2022 3:32 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

Defendants who are in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants and renders Defendants liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior.*

## VII.
## NEGLIGENCE OF DEFENDANT'S EMPLOYEES

11.  Plaintiff alleges that upon the occasion in question, the Defendants' employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

    A.  Failure to keep the premises reasonably safe for its customers;

    B.  Failure to eliminate any unreasonably dangerous conditions; and

    C.  Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

12.  Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by the Plaintiff.

## VIII.
## COMPENSATORY DAMAGES

13.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and incurred the following damages:

    A.    Reasonable medical care and expenses in the past;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

Electronically Submitted
6/14/2022 3:32 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will in all probability, be incurred in the future;

I. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Disfigurement in the past;

K. Disfigurement in the future;

L. Mental anguish in the past;

M. Mental anguish in the future; and

N. Cost of medical monitoring and prevention in the future.

14. Plaintiff has suffered losses and damages in a sum within the Court's jurisdictional limit, and for which this lawsuit is brought.

## IX.
## DEMAND FOR JURY TRIAL

15. Plaintiff demands a jury trial in this above styled and numbered cause.

## X.
## PRAYER

**PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limit of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the

Electronically Submitted
6/14/2022 3:32 PM
Hidalgo County Clerk
Accepted by: Audrey Alvarez

date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**ZAMBRANO LAW FIRM**

*/s/ Jesus A. Zambrano*
**JESUS A. ZAMBRANO**
State Bar No. 24044947
**EDGAR E. GARCIA**
State Bar No. 24096508
3900 N. 10th Street, Suite 970
McAllen, Texas 78501
Phone: (956) 627-0908
Fax: (956) 627-0762

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. CL-22-2139-J

| | | |
|---|---|---|
| JOSE RODOLFO CARDOZA | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 10 |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | HIDALGO COUNTY, TEXAS |

### DEFENDANT DOLGENCORP OF TEXAS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, DOLGENCORP OF TEXAS, INC., files this Original Answer to the *Plaintiff's First Amended Petition* and would respectfully show the Court the following:

### SPECIAL EXCEPTIONS

1. Defendant specially excepts because Plaintiffs have failed to properly state in any paragraph the amount of monetary relief sought pursuant to Rule 47 of the Texas Rules of Civil Procedure. Defendant asks this Court to order Plaintiffs to re-plead with the required specificity within fourteen days of the order of the same.

### GENERAL DENIAL

2. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all allegations contained in the *Plaintiff's Original Petition*, and in any amended or supplemental petitions which may be filed by Plaintiff after this date.

3. Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

4. Defendant asserts by way of affirmative defense that at the time and on the occasion in question, Plaintiff Jose Rodolfo Cardoza ("Plaintiff") was negligent and such comparative fault was a proximate or the proximate cause of the event.

## DEFENSES TO ECONOMIC DAMAGES

5.      Answering further, without waiving the foregoing, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on her behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009).

6.      Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity, if made, to net loss after federal income tax. TEX. CIV. PRAC. & REM. CODE ANN. §18.091.

## DENIAL OF CONDITIONS PRECEDENT

7.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

8.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

9. Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216. Defendant hereby tenders the appropriate fee to the clerk of the court.

## PRAYER

WHEREFORE, Defendant, DOLGENCORP OF TEXAS, INC., prays that:

a. Plaintiff takes nothing by this suit and Plaintiff be discharged with his costs;

b. On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c. Defendant recovers all costs, together with such other relief, both general and special, to which he may be justly entitled.

Respectfully submitted,

**LUCERO│WOLLAM, P.L.L.C.**

_____
ERIK R. WOLLAM
TBN: 00788705
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com

**ATTORNEY FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.**

3

## CERTIFICATE OF SERVICE

    I hereby certify that on the 28th of July, 2022, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a TRCP.

***Via Electronic Service:***
Jesus A. Zambrano
Zambrano Law Firm
3900 N. 10th St, Ste 970
McAllen, Texas 78501

                                          ERIK R. WOLLAM

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back   Location : All Courts  Images

# REGISTER OF ACTIONS
## CASE NO. CL-22-2139-J

| | | | |
|---|---|---|---|
| Jose Rodolfo Cardoza VS. Dolgencorp of Texas, Inc. | § § § § § | Case Type: | Injury or Damage - Other (OCA) |
| | | Date Filed: | 06/09/2022 |
| | | Location: | County Court at Law #10 |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Dolgencorp of Texas, Inc. | |
| **Plaintiff** | Cardoza, Jose Rodolfo | Jesus A. Zambrano
*Retained*
956-627-0908(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/09/2022 | **Original Petition (OCA)**
  Petition |
| 06/10/2022 | **Citation Issued**
  DOLLAR GENERAL INC |
| 06/14/2022 | **Amended**
  Amended Filing |
| 06/17/2022 | **Citation Issued**
  DOLGENCORP OF TEXAS, INC |
| 07/08/2022 | **Service Returned - Served** |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Cardoza, Jose Rodolfo | | |
| Total Financial Assessment | | 366.00 |
| Total Payments and Credits | | 366.00 |
| **Balance Due as of 07/28/2022** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 06/09/2022 | Transaction Assessment | | | 358.00 |
| 06/09/2022 | EFile Payments from TexFile | Receipt # 2022-006966 | Cardoza, Jose | (221.00) |
| 06/09/2022 | State Credit | | | (137.00) |
| 06/14/2022 | Transaction Assessment | | | 8.00 |
| 06/14/2022 | EFile Payments from TexFile | Receipt # 2022-007130 | Cardoza, Jose | (8.00) |